**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 10 2015

JAMES W. McCORMACK, CLERK
By: [signature] DEP CLERK

DAMARIS IXCHOP

Plaintiff,

-against-

MATTHEW KEZHAYA, individually

and

FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, P.C., A Tennessee Corporation

and

MIDLAND FUNDING, LLC
A California Corporation

Defendant.

Civil Action No. 4:15CV502-JLH

**JURY TRIAL DEMANDED**

This case assigned to District Judge Holmes
and to Magistrate Judge Volpe

**ORIGINAL COMPLAINT**

Plaintiff, Damaris Ixchop (Ixchop), by her undersigned counsel brings this action against Matthew Kezhaya (Kezhaya), Finkelstein, Kern, Steinberg & Cunningham, P.C. (Finkelstein), and Midland Funding, LLC (Midland), and states:

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital

instability, to the loss of jobs and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et. seq. to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Ixchop brings this action to challenge the actions of Matthew Kezhaya, individually, an attorney and debt collector, Finkelstein, Kern, Steinberg, & Cunningham, P.C., a law firm and debt collector, and Midland Funding LLC, a debt collector, with regard to attempts by Kezhaya, Finkelstein, and Midland Funding LLC to unlawfully and abusively collect a debt in violation of the FDCPA and the Arkansas Deceptive Trade Practices Act. The aforementioned conduct of Kezhaya, Finkelstein, and Midland caused damages to Ixchop.

## JURISDICTION

3. Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-107(a)(10).

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

6. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1391(b)(2) in that the Defendants transact business in this judicial district and the violations of the FDCPA and Arkansas statutory law occurred in this judicial district.

**PARTIES TO THE CLAIM**

7. The averments set forth in paragraphs 1-6 are adopted herein and incorporated as if set forth word for word.

8. Damaris Ixchop is an adult individual residing in Rogers, Benton County, Arkansas, and is a "consumer" as defined by 15 U.S.C. § 1692a(3), and/or "any person" as defined by 15 U.S.C. § 1692d.

9. Matthew Kezhaya is an attorney licensed to practice law in Arkansas and actively engages in a debt collection practice with the Tennessee law firm of Finkelstein, Kern, Steinberg & Cunningham, P.C., of Knoxville, Tennessee. Service of Process may be made on Kezhaya at:

Matthew Kezhaya, Esq.
609 SW 8th Street, Suite 600
Bentonville, AR 72712

Kezhaya is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

10. Finkelstein, Kern, Steinberg & Cunningham, P.C. is a Tennessee corporation that operates from its home office and principal place of business at 1810 Ailor Ave, Knoxville, TN 37921-5802. According to its website[1], Finkelstein has "over 50 years of Legal Collection Experience." "Based in Knoxville, FKSC has been a recognized leader in legal collection industry for over fifty years."[2] "We handle a high volume of debt collection matters across the states of Tennessee, Alabama, and Mississippi."[3] A copy of that webpage is attached hereto as "**Exhibit**

[1] www.fkscla.com
[2] *Id.*
[3] *Id.*

1" and incorporated as if set forth word for word. "Since our inception in the 1930s, FKSC has had many different areas of expertise. FKSC concentrates in retail and commercial debt collection, corporate law, family law, insurance subrogation, workers compensation, wills and estate matters, and personal injury litigation."[4] "A recognized leader in the legal collection industry for over fifty years, FKSC handles a high volume of debt collection matters across the states of Tennessee, Alabama, and Mississippi."[5] "FKSC's collection software allows secure and direct interfacing with our clients. We are members of multiple national electronic data interchange networks and handle claim referrals via electronic formats as well as paper formats."[6] "Our firm offers an experienced and highly trained in-house collection team, skip tracing team, and paralegal team that handle all phases of the legal collection process using industry proven electronic information resources."[7] "Our clients in the collection industry retain us on a competitive contingent fee basis. Large volume clients are able to receive the funds recovered by our office through various electronic functions including wire transfers, electronic funds transfers and automated clearing house transfers."[8] A copy of that webpage is attached hereto as "**Exhibit 2**" and incorporated as if set forth word for word. Finkelstein is actively engaged in a debt collection practice. Service of process may be made on its registered agent, Ron Cunningham, at:

Ron Cunningham, Esq.
Finkelstein, Kern, Steinberg & Cunningham, P.C.
1810 Ailor Ave
Knoxville, TN 37921-5802

Finkelstein is a "debt collector" as defined under 15 U.S.C. §1692a(6).

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

11. Midland Funding, LLC is a purchaser of debts in default with its primary place of business located in San Diego, California. At the time of the incident described further herein, Midland was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. § 1692a(5).

12. Midland Funding, LLC is a debt buying entity that is a wholly owned subsidiary of Encore Capital Group, Inc. ("Encore") a publicly traded company that is among the largest buyers and collectors of defaulted credit card receivables in the United States.

13. Midland is being served via its registered agent:

Corporation Service Company<br>300 Spring Building, Suite 900<br>300 S. Spring Street<br>Little Rock, AR 72201

**FACTUAL BACKGROUND**

14. The averments set forth in paragraphs 1-13 are adopted herein and incorporated as if set forth word for word.

15. Ixchop incurred an obligation with Citibank N.A./Best Buy for personal, family, or household purposes.

16. Midland acquired Ms. Ixchop's alleged obligation after it had gone into default.

17. On June 11, 2016, Midland, Kezhaya and Finkelstein sued Ms. Ixchop on her alleged consumer debt to Citibank N.A./Best Buy in the District Court of Saline County, Arkansas, in an action titled *Midland Funding, LLC as Successor in Interest to Citibank, N.A./Best Buy, Case No. CV-15-637.* A copy of that suit is attached hereto as "**Exhibit 3**" and incorporated as if set forth word for word.

18. The lawsuit alleges "Jurisdiction and venue are proper because the Defendant(s) reside in this county." *See **Exhibit 3**, ¶1.* Despite Defendants' own pleading listing Ms. Ixchop's address as being at [redacted], Rogers, AR in the style of the Complaint. Further Exhibit B to "**Exhibit 3**" contains a purported account statement from the original creditor, Citibank, N.A./Best Buy, with a redacted address for Ms. Ixchop in Rogers, AR.

19. The lawsuit and attached affidavit alleges Ixchop defaulted on a credit card account obligation with the original creditor, Citibank, N.A./Best Buy.

20. Midland asserted "Defendant(s) is indebted to the Plaintiff on credit account number XXXX-XXXX-XXXX-5425, referenced in the Complaint, by virtue of Plaintiff's acquisition of the account from the originator of the account or its assignee, which gave Plaintiff all rights and remedies evidenced by Collective Exhibit A attached hereto." See "**Exhibit 3**", attached Exhibit A. Collective Exhibit A to Midland's District Court Complaint is the Bill of Sale and Assignment of Patricia Hall, Financial Account Manager with Citibank, N.A. Her Bill of Sale and Assignment, dated June 27, 2014, states that "For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated June 25, 2014, between Buyer and the Bank (the "Agreement"), the Bank does hereby transfer, sell assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts described in Exhibit 1 and the final electronic file." Despite this averment, no Exhibit 1 and/or the final electronic file was attached. Accordingly, Defendants had no proof of contractual ownership of the alleged account when suit was filed. Further, Defendants filed suit in Saline County, Arkansas approximately 226 miles and/or 3.5 hours by car from the proper venue, as Ms. Ixchop resides in Benton County, Arkansas and where the alleged account was opened.

21. The Complaint filed by Defendants, reflect an amount due of $751.29. The attached account statement from the original creditor dated April 17, 2014 reflects 2014 account balance of $699.29 at 27.99%, a late fee of $35.00, and an interest charge of $17.00 for a total of $751.29. See "**Exhibit 3**"

22. Upon information and belief, the date of default was prior to June 27, 2014.

23. Upon information and belief, the amount allegedly owed upon default was $699.29.

24. Upon information and belief, the amount claimed in the lawsuit filed by Midland contains interest and late charges accrued after the default date, as well as after it was charged off by the original creditor.

25. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

26. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where a finance charge is imposed. 15 U.S.C. §1637(b).

27. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. §1637(b).

28. Consistent with 15 U.S.C. §1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by (12 C.F.R.) §226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* At 12 C.F.R. §226.5(b)(2)(i).

29. However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

30. One of those exceptions is if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. 12 C.F.R. § 226.5(b)(2)(i).

31. Therefore, under applicable regulations, CitiBank, N.A./Best Buy was required to send periodic statements to Ixchop until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account." 12 C.F.R. § 226.5(b)(2)(i).

32. Previous to the alleged purchase of the account by Midland from CitiBank, N.A./Best Buy charged off an account alleged to have been incurred by Ixchop.

33. Because CitiBank, N.A./Best Buy had charged off the account, it was not required to send periodic statements to Ixchop as would otherwise be required by law.

34. Therefore, after charging off the account, CitiBank, N.A./Best Buy did not send any billing statements regarding the account to Ixchop.

35. CitiBank, N.A./Best Buy took advantage of the charge off exception to enable it to not be required to send periodic billing statements.

36. The legal trade-off for entitling CitiBank, N.A./Best Buy to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

37. Therefore, after the account was written off, CitiBank, N.A./Best Buy was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

38. Midland professes to be in the same shoes as CitiBank, N.A./Best Buy due to its purchase and assignment of the account.

39. Midland would not acquire any greater rights than CitiBank, N.A./Best Buy had at the time of the alleged purchase.

40. Defendants violated 15 U.S.C. § 1692i(a)(2)(A) and § 1692i(a)(2)(B) by filing suit in Saline County, Arkansas, approximately 226 miles and/or 3.5 hours by car from the proper venue, as Ms. Ixchop resides in Benton County, Arkansas and where the alleged account was opened.

41. By not attaching Exhibit 1 and/or the final electronic file as referenced in the Assignment attached to Midland Funding, LLC's Complaint, Defendants have no proof of chain of title or ownership of the alleged account upon which they are suing and are making a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

42. By assessing interest and other charges for which there was no legal basis, Midland is in violation of 15 U.S.C § 1692f(1) which prohibits a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

43. By assessing charges, namely interest and late charges after the date of default, which are not authorized by the agreement or law, Midland is in violation of 15 U.S.C. § 1692e(5) by taking action that cannot legally be taken.

44. The Complaint further requests costs and for all other proper relief.

45. Because "costs and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of 15 U.S.C. § 1692f(1).

46.     By not attaching the agreement upon which it is suing, Midland is making a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

47.     By not attaching the agreement upon which it is suing, Midland is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

48.     Midland has attached no evidence that it purchased the debt from the original creditor and; thus, is taking action which cannot legally be taken in violation of 15 U.S.C. § 1692e(5).

49.     Midland is in violation of 15 U.S.C. § 1692e(10) by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Ixchop and any creditor.

50.     At the time it commenced the action against Ixchop, Midland possessed insufficient evidence and intended not to further investigate in violation of 15 U.S.C. § 1692(e)(5).

51.     By seeking to collect amounts in excess of the amount owed at default, Midland is seeking to collect amounts not owed in violation of 15 U.S.C. § 1692e(2)(A) which prohibits the false representation of the character, amount, or legal status of any debt.

52.     Defendants' conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. § 1692, et seq.

53.     Defendants' conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. § 1692k(a)(2)(A).

54.     As a result of the acts alleged above, Ixchop suffered headaches, nausea, embarrassment, humiliation, mental distress and emotional anguish.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

55. The averments set forth in paragraphs 1-54 are adopted herein and incorporated as if set forth word for word.

56. Portfolio is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

a. 15 U.S.C. § 1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

b. 15 U.S.C. § 1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

c. 15 U.S.C. § 1692e(10): The use of any false representation or deceptive means to collect any debt;

d. 15 U.S.C. § 1692f: Using unfair or unconscionable means to collect or attempt to collect any debt;

e. 15 U.S.C. § 1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT**

57. The averments contained in paragraphs 1-56 are hereby incorporated as if set forth word for word.

58. By representing that the principal amount owed by Ixchop was $751.29 when, upon information and belief, the principal amount owed was $699.29, Midland was engaged in false and deceptive acts pursuant to Ark. Code Ann. §4-88-107(a)(10).

## DAMAGES

59.   The averments set forth in paragraphs 1-58 are adopted herein and incorporated as if set forth word for word.

60.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Ixchop is entitled to the following damages:

a.   actual costs, expenses and attorney fees pursuant to 15 U.S.C § 1692(k)(a)(3);

b.   statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

c.   actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d.   actual damages and attorney fees pursuant to Ark. Code Ann. § 4-88-113(f).

## DEMAND FOR JURY TRIAL

61.   The averments set forth in paragraphs 1-60 are adopted herein and incorporated as if set forth word for word.

62.   Ixchop demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Ixchop prays that:

1.   She be granted statutory damages pursuant to the 15 U.S.C. § 1692k(a)(2)(A);

2.   She be granted actual damages pursuant to the 15 U.S.C. § 1692k(a)(1);

3.   She be granted costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.   She be granted actual damages and attorney fees pursuant to Ark. Code Ann. § 4-88-113(f).

Respectfully submitted,

By: ______________________

Todd Wooten, Esq. ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

*Attorney for Plaintiff*

**Finkelstein**
**Kern**
**Steinberg &**
**Cunningham Law Firm**

Call Toll Free 888.200.6501

**Over 50 Years of Legal Collection Experience**

Based in Knoxville, FKSC has been a recognized leader in the legal collection industry for over fifty years.

We handle a high volume of debt collection matters across the states of Tennessee, Alabama, and Mississippi.

**Technology, Compliance, Security & Recoveries**

Combining these components with highly trained human resources, we have consistently achieved award-winning performances for our clientele.

**Legal Collection Areas**

- Credit Cards
- Commercial
- Auto Deficiencies
- Student Loans
- Subrogation
- Pre & Post Charge Off

Website powered by Network Solutions®

FINKELSTEIN
KERN
STEINBERG &
CUNNINGHAM Law Firm

Call Toll Free 888.200.6501

## About Us

Since our inception in the 1930s, FKSC has had many different areas of expertise. FKSC concentrates in retail and commercial debt collection, corporate law, family law, insurance subrogation, workers compensation, wills and estate matters, and personal injury litigation.

A recognized leader in the legal collection industry for over fifty years, FKSC handles a high volume of debt collection matters across the states of Tennessee, Alabama, and Mississippi.

FKSC's collection software allows secure and direct interfacing with our clients. We are members of multiple national electronic data interchange networks and handle claim referrals via electronic formats as well as paper formats.

Our firm offers an experienced and highly trained in-house collection team, skip tracing team, and paralegal team that handle all phases of the legal collection process using industry proven electronic information resources.

Our clients in the collection industry retain us on a competitive contingent fee basis. Large volume clients are able to receive the funds recovered by our office through various electronic functions including wire transfers, electronic funds transfers and automated clearing house transfers.

Website powered by Network Solutions®

EXHIBIT
2

FILED ON TIME
2015 JUN 11 PM 9:23

**DISTRICT COURT OF SALINE COUNTY, ARKANSAS**
**CIVIL DIVISION**

**MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO CITIBANK, N.A./BEST BUY** **PLAINTIFF**

**VS.** **Case No.** CV-15-637

**DAMARIS IXCHOP**
[redacted]
**ROGERS, AR 72758** **DEFENDANT(S)**

---

**COMPLAINT**

---

**COMES NOW** MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO CITIBANK, N.A./BEST BUY (the "Plaintiff"), by and through its attorneys, Finkelstein, Kern, Steinberg, & Cunningham, and for its complaint against DAMARIS IXCHOP (the "Defendant(s)"), states:

1. Jurisdiction and venue are proper because the Defendant(s) reside in this county.
2. Defendant(s) is indebted to the Plaintiff on credit account number XXXX-XXXX-XXXX-5425, referenced in this Complaint, by virtue of Plaintiff's acquisition of the account from the originator of the account or its assignee, which gave Plaintiff all rights and remedies evidenced by Collective Exhibit A attached hereto.
3. The Defendant(s) received a credit card for the above-referenced account.
4. By virtue of using this credit card, the Defendant(s) agreed to make all payments and pay all charges assessed to the account according to the terms of the account. See attached and incorporated by reference Exhibit B.
5. Defendant(s) failed to make payment on the account pursuant to the terms of the account, and there is an outstanding balance due, after the giving of all credits, in the sum of $751.29 on the account as evidenced by the sworn account attached and incorporated by reference Exhibit C. Plaintiff also seeks costs.
6. This account is now past due and remains unpaid, despite the demands of Plaintiff.

**WHEREFORE**, Plaintiff prays for a judgment against the Defendant(s) in the amount of $751.29, for its cost incurred in this matter, and for all other proper and legal relief to which it may be

EXHIBIT 3

entitled.

Respectfully submitted,

Finkelstein, Kern, Steinberg & Cunningham
Address: P. O. Box 1
Knoxville, Tennessee 37901
Phone: (865) 525-0238
Fax: (865) 523-5138

By: ______________________
Matthew Kezhaya
ABN 2014161
Attorney for Plaintiff



EXHIBIT A

Redacted

# BILL OF SALE AND ASSIGNMENT

THIS BILL OF SALE AND ASSIGNMENT, dated June 27, 2014, is by Citibank, N.A., a national banking association organized under the laws of the United States, located at 701 East 60th Street North, Sioux Falls, SD 57117 (the "Bank") to Midland Funding LLC, organized under the laws of the state of Delaware, with its headquarters/principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108 ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated June 25, 2014, between Buyer and the Bank (the "Agreement"), the Bank does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts described in Exhibit 1 and the final electronic file.

With respect to information for the Accounts listed in Asset Schedule, to the best of the Bank's knowledge, the Bank represents and warrants to Buyer that (i) the Account information constitutes the Bank's own business records and accurately reflects in all material respects the information in the Bank's database; (ii) the Account information was kept in the regular course of business; (iii) the Account information was made at or near the time by, or from information transmitted by, a person with knowledge of the data entered into and maintained in the Account's database; and (iv) it is the regular practice of the Bank's business to maintain and compile such data.

**Citibank, N.A.**

By: ______________________
(Signature)

Name: Patricia Hall

Title: Financial Account Manager

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Redacted


# EXHIBIT B
# Account Statement

Send Notice of Billing Errors and Customer Service Inquiries to:
BEST BUY CREDIT SERVICES
PO Box 790441, St. Louis, MO 63179

Account Number: [redacted]5425

My Best Buy™ Credit Card

Customer Service: bestbuy.accountonline.com
Account Inquiries: 1-888-620-5879

### Summary of Account Activity

| | |
|---|---|
| Previous Balance | $699.29 |
| Payments | -$0.00 |
| Other Credits | -$0.00 |
| Purchases | +$0.00 |
| Cash Advances | +$0.00 |
| **Fees Charged** | **+$35.00** |
| **Interest Charged** | **+$17.00** |
| New Balance | $751.29 |
| Past Due Amount | $337.00 |

| | |
|---|---|
| Credit Limit | $0.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 03/23/2014 |
| Next Statement Closing Date | 04/22/2014 |
| Days in Billing Cycle | 31 |

### Payment Information

| | |
|---|---|
| New Balance | $751.29 |
| Minimum Payment Due | $397.00 |
| Payment Due Date | April 17, 2014 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 20 months | $859 |

If you would like information about credit counseling services, call 1-877-337-8188.

542501

### TRANSACTIONS

| Trans Date | Description | Reference # | Amount |
|---|---|---|---|
| ***FEES*** | | | |
| 03/17 | LATE FEE | | $ 35.00 |
| | **TOTAL FEES FOR THIS PERIOD** | | **$ 35.00** |
| ***INTEREST CHARGED*** | | | |
| 03/23 | INTEREST CHARGE ON PURCHASES | | $ 17.00 |
| | **TOTAL INTEREST FOR THIS PERIOD** | | **$ 17.00** |

8 HN 15

Please detach and return lower portion with your payment to insure proper credit. Retain upper portion for your records

PO BOX 790443
ST. LOUIS, MO 63179

**Statement Enclosed**

**Your Account Number is** [redacted]**5425**

GO
PAPERLESS
Sign up for online services that make it easy to manage your account at BestBuy.com/CreditCard.

| | |
|---|---|
| **Payment Due Date** | **April 17, 201** |
| **New Balance** | **$751.2** |
| **Past Due Amount†** | **$337.0** |
| **Minimum Payment Due** | **$397.0** |
| **Amount Enclosed:** | **$** |

†Past Due Amount is included in the Minimum Payment Due.
Please print address changes on the reverse side.
**Make Checks Payable to:**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

DAMARIS IXCHOP

ROGERS, AR

BEST BUY CREDIT SERVICES
PO BOX 183195
COLUMBUS, OH 43218-3195

**Information About Your Account.**

**How to Avoid Paying Interest on Purchases.** Your payment due date is at least 25 days after the close of each billing cycle. We will not charge you any interest on purchases if you pay your New Balance by the payment due date each month. This is called a grace period on purchases. If you do not pay the New Balance in full by the payment due date, you will not get a grace period on purchases until you pay the New Balance in full for two billing cycles in a row.

If you have a balance subject to a deferred interest promotion or if your statement shows a Waived Interest Charge promotion and that promotion does not expire before the payment due date, that balance (an "excluded balance") is excluded from the amount you must pay in full to get a grace period on a purchase balance other than an excluded balance. In addition, if you have a reduced rate credit plan, that balance (an "excluded balance") is excluded from the amount you must pay in full to get a grace period on a purchase balance other than an excluded balance. However, you must still pay any separately required payment on the excluded balance. In billing cycles in which payments are allocated to deferred interest balances first, the deferred interest balance will be reduced before any other balance on the account. However, you will continue to get a grace period on purchases, other than an excluded balance, so long as you pay the New Balance (less any excluded balance, plus any separately required payment on an excluded balance) in full by the payment due date each billing cycle. Deferred interest offers may also be called Same As Cash or No Interest.

In addition, certain promotional offers not described above may also allow you to have a grace period on purchases without having to pay all or a portion of the promotional balance by the payment due date. If that is the case, the promotional offer will describe what happens.

**How We Calculate Your Balance Subject to Interest Rate.** We use a daily balance method (including current transactions) to calculate interest charges. To find out more information about the balance computation method and how the resulting interest charges were determined, contact us at the Account Inquiries number on the front.

**Other Account and Payment Information.**

**Payment Amount.** You may pay all or part of your account balance at any time. However, you must pay, by the payment due date, at least the minimum payment due.

**When Your Payment Will Be Credited.** If we receive your payment in proper form at our processing facility by 5 p.m. local time there, it will be credited as of that day. A payment received there in proper form after that time will be credited as of the next day. Allow 5 to 7 days for payments by regular mail to reach us. There may be a delay of up to 5 days in crediting a payment we receive that is not in proper form or is not sent to the correct address. The correct address for regular mail is the address on the front of the payment coupon. The correct address for courier or express mail is the Express Mail Address shown in the Express Mail section.

542501

**Proper Form.** For a payment sent by mail or courier to be in proper form, you must:

- **Enclose** a valid check or money order. No cash, gift cards, or foreign currency please
- **Include** your name and the last four digits of your account number.

**Payment Other Than By Mail.**

- **In-Store (Where Available).** Any payment in proper form accepted in store will be credited as of that day. However, credit availability may be subject to verification of funds. Not all stores accept payments. Contact your local store to see if in-store payments are accepted at that location.
- **Online.** Go to the URL on Page 1 of your statement to make a payment. For security reasons, you may not be able to pay your entire New Balance the first time you make a payment online. The payment cutoff time for Online Bill Payments is midnight Eastern time. This means that we will credit your account as of the calendar day, based on Eastern time, that we receive your payment request.
- **AutoPay.** Sign up at Account Online to have your payment amount automatically deducted each month from the account you choose. Your card account will be credited on the due date with that amount.
- **Phone.** Call the phone number on Page 1 of your statement to make a payment. We may process your payment electronically after we verify your identity. The payment cutoff time for Phone Payments is midnight Eastern time. This means that we will credit your account as of the calendar day, based on Eastern time, that we receive your payment request.
- **Express Mail.** Send payment by courier or express mail to: Payments Department, 1500 Boltonfield Street, Columbus, OH 43228. Payment must be received in proper form at the proper address by 5 p.m. Eastern time to be credited as of that day. All payments received in proper form at the proper address after that time will be credited as of the next day.

**If you send an eligible check with this payment coupon, you authorize us to complete your payment by electronic debit. If we do, the checking account will be debited in the amount on the check. We may do this as soon as the day we receive the check. Also, the check will be destroyed.**

T04365

PLEASE SEE IMPORTANT INFORMATION ON PAGE 4

BBY PL CA CIT OCT13 – 2



## Change of Address

Please print address changes in blue or black ink.

______________________________

______________________________

______________________________

______________________________

**PAY YOUR BILL ONLINE OR IN STORE**



Pay your credit card bill online at **BestBuy.com/CreditCard** or at any Best Buy® store.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Account: **** **** **** 5425

| 2014 Totals Year-to-Date | |
|---|---|
| Total Fees Charged in 2014 | $105.00 |
| Total Interest Charged in 2014 | $45.45 |

**INTEREST CHARGE CALCULATION**

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES | | | |
| REGULAR | 27.99% (M)(V) | $715.31 | $17.00 |
| (V) = Variable Rate | | | |

205245

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**EXHIBIT C**

MIDLAND FUNDING LLC, as successor in interest to CITIBANK, N.A.

Plaintiff

-vs-

AFFIDAVIT OF TAMRA STAYTON

DAMARIS IXCHOP,

Defendant(s).

---

Tamra Stayton, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1. I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of MIDLAND FUNDING LLC, the plaintiff in this action. Plaintiff purchases portfolios of delinquent accounts from either the original creditor or a subsequent purchaser of the account, and thereafter assigns the accounts to MCM to be serviced. Plaintiff does not operate and / or maintain a computer system. MCM holds the computer records and account information for accounts purchased by plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to DAMARIS IXCHOP'S ("defendant") CITIBANK, N.A. account (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

14-15869

2. I am familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course

8564289983

AFFRECORD

14-15869

of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

3. MCM's records show that the defendant(s) owed a balance of $751.29 as of 2014-12-15.

I certify under penalty of perjury that the foregoing statements are true and correct.

MAR 24 2015
Date

Tamra Stayton

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on MAR 24 2015 by Tamra Stayton.

TAYLOR A MADISON
Notary Public - Minnesota
My Commission Expires Jan. 31, 2018
(Seal)

Notary Public

TN6
Finkelstein, Kern, Steinberg &Cunningham

8564289983 AFFRECORD

14-15869

